IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW GRANGER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-291-RC |
| | § | (Death Penalty Case) |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION FOR STAY AND ABEYANCE**

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

LISA TANNER
Acting Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

GWENDOLYN S. VINDELL
Assistant Attorney General
State Bar No. 24088591
 *Counsel of Record*

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *gwendolyn.vindell2@oag.texas.gov*

*Counsel for Respondent*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. ii

INDEX OF AUTHORITIES .................................................................................... iii

RESPONSE .............................................................................................................. 1

ARGUMENT ............................................................................................................ 1

I.     *Rhines* Does Not Apply to Adjudicated Claims (Claims 6, 10, and 19) . 2

II.    Granger Does Not Show Good Cause for His Failure to Exhaust His Unexhausted Claims ................................................................................ 5

III.   Granger's Unexhausted Claims are Plainly Meritless ............................ 9

IV.   Granger's Request for a Stay is Dilatory .............................................. 13

CONCLUSION ...................................................................................................... 15

# INDEX OF AUTHORITIES

## Cases

*Balentine v. Stephens*, 2:03-CV-00039, 2016 WL 1322435..........................................9

*Batiste v. State*, 888 S.W.2d 9, 15 (Tex. Crim. App. 1994) .......................................12

*Batson v. Kentucky*, 476 U.S. 79 (1986) ....................................................................12

*Beets v. Scott*, 65 F.3d 1258, 1266 (5th Cir. 1995) ....................................................12

*Carter v. Mitchell*, 829 F.3d 455, 467 (6th Cir. 2016)...............................................4

*Clark v. Thaler*, 673 F.3d 410, 417 (5th Cir. 2012) ....................................................3

*Coleman v. Thompson*, 501 U.S. 722, 753 (1991) .....................................................5

*Cullen v. Pinholster*, 563 U.S. 170, 179 (2011) .....................................................2, 4

*Cuyler v. Sullivan*, 446 U.S. 335 (1980).................................................................12

*Davila v. Stephens*, No. 4:13-CV-506-O, 2014 WL 6057907...................................4, 5

*Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014) ....................................2, 4

*Evans v. Cain*, 577 F.3d 620, 623 (5th Cir. 2009)......................................................4

*Ex parte Alvarez*, 468 S.W.3d 543 (Tex. Crim. App. 2015).....................................10

*Ex parte Carpenter*,
 No. WR-49,656-05, 2014 WL 5421522 (Tex. Crim. App. Oct. 8, 2014) ...................9

*Ex parte Graves, 70 S.W.3d 103 (Tex. Crim. App. 2002)*....................................10, 11

*Ex parte Gutierrez*,
 No. WR-70,152-02, 2013 WL 5773415 (Tex. Crim. App. Oct. 23, 2013) .................9

*Ex parte Hood*, WR-41,168-09, 2008 WL 4151671 ...................................................10

*Ex parte McCarthy*,
 No. WR-50,360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013)......9, 10, 11

*Ex parte Medina*, No. WR-41,274-05, 2017 WL 690960 (Tex. Crim. App. Jan. 25,
 2017)..............................................................................................................10, 11

*Ex parte Mines*, 26 S.W.3d 910, 911–16 (Tex. Crim. App. 2000) ...............................8

*Ex parte Preyor*, 537 S.W.3d 1, 3 (Tex. Crim. App. 2017) .......................................... 11

*Ex parte Ruiz*, No. WR-27,328-03, 2016 WL 6609721 (Tex. Crim. App. Nov. 9, 2016) .................................................................................................................. 10

*Garcia v. Texas*, 131 S. Ct. 2866, 2867 (2011) ............................................................. 11

*Gonzales v. Davis*, 924 F.3d 236, 244 (5th Cir. 2019) .................................................... 9

*Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012) .................................................. 5

*Harrington v. Richter*, 562 U.S. 86, 107 (2011) ............................................................ 8

*Jones v. Barnes*, 463 U.S. 745, 751–53 (1983) .............................................................. 7

*Kansas v. Carr*, 136 S. Ct. 633, 642–44 (2016) ........................................................... 13

*Lewis v. Thaler*, 701 F.3d 783, 789–91 (5th Cir. 2012) ................................................. 3

*Martel v. Clair*, 565 U.S. 648, 652 (2012) ................................................................... 14

*Martinez v. Ryan*, 566 U.S. 1 (2012) ................................................................. *passim*

*Murphy v. Davis*, 732 F. App'x 249, 257 (5th Cir. 2018) .......................................... 5, 6

*Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) .................................................... 10

*Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997) ................................................. 10

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) .......................................................... 14

*Penry v. Johnson*, 532 U.S. 782, 802–03 (2001) .......................................................... 13

*Rhines v. Weber*, 544 U.S. 269 (2005) ................................................................ *passim*

*Rhines v. Young*, 899 F.3d 482, 495 (8th Cir. 2018) ...................................................... 4

*Robertson v. Davis*, 715 F. App'x 387 (5th Cir. 2018) .............................................. 3, 4

*Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) ..................................................................... 2

*Schriro v. Landrigan,* 550 U.S. 465, 473 (2007) ............................................................ 2

*Sprouse v. Stephens,* 748 F.3d 609, 622 (5th Cir. 2014) ............................................... 13

*Strickland v. Washington*, 466 U.S. 668, 690 (1984) ...................................... 7, 12, 13

*Teague v. Lane*, 489 U.S. 288 (1989) ............................................................................ 12

*Thompson v. Quarterman*, 629 F.Supp.2d 665, 693 (S.D. Tex. 2007) ....................... 14

*Trevino v. Thaler*, 138 S. Ct. 1911 (2013) .............................................................. 6, 11

*Williams v. Stephens*, No. H-13-0102, 2013 WL 6200204 ......................................... 14

*Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) .................................................. 5

*Woodford v. Garceau*, 538 U.S. 202, 206 (2003) ........................................................ 14

**Rules/Statutes**

Local Rule CV-7(a)(2) ................................................................................................. 12

Tex. Code Crim. Proc. art. 11.071 § 5(a) (Section 5) ..................................................... 9

# RESPONSE

Petitioner Bartholomew Granger was properly convicted and sentenced to death for causing the murder of Minnie Sebolt while retaliating against and intending to kill Claudia Jackson for her service as a witness. Granger filed his amended federal habeas petition in this Court on December 17, 2018. ECF No. 20 (Petition). Three months later, Granger filed a motion to stay and hold his federal proceedings in abeyance so that he can return to state court to raise or re-raise twelve out of twenty claims raised in his federal petition. Pet. Mot. to Stay (Motion) at 1–2, ECF No. 22 (seeking to exhaust claims 1–6, 8, 10–12, 19–20).[1] For the reasons discussed below, this Court should deny his motion to stay.[2]

# ARGUMENT

In *Rhines v. Weber*, the Supreme Court held that a federal court has the authority to stay a mixed habeas petition and hold it in abeyance in "limited circumstances." 544 U.S. 269, 276–77 (2005). Those "limited circumstances" exist when (1) an inmate has shown good cause for the failure to exhaust; (2) the claim is not plainly meritless; and (3) there is nothing to indicate that the failure to exhaust was made for purposes of delay. *Id*. at 277–78. The decision to grant or deny a stay is

---

[1]     As will be discussed further in the Director's answer to Granger's petition, claims 14–16 are also unexhausted and procedurally defaulted, at least in part. But Granger does not ask this Court for permission to return to state court to exhaust those claims; thus, the Director does not address them in her instant response.

[2]     The Director's answer to Granger's federal petition is due the same day as this response. ECF No. 30. However, due to extenuating circumstances and the length and breadth of Granger's petition, the Director has filed an unopposed third request for extension of time to file her answer in this case. *See* ECF No. 31.

"'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)).

# I. *Rhines* Does Not Apply to Adjudicated Claims (Claims 6, 10, and 19).

In claim six, Granger alleges ineffective assistance of trial counsel (IATC) for failure to investigate and present mental health evidence in mitigation of punishment. *See* Petition at 67–76. But Granger raised two claims faulting trial counsel's mitigation investigation in his state habeas application, and both were rejected. *See* SHCR Supp.2 at cover, 27–72[3] (claims one and two alleging IATC for failure to present lay and expert witnesses in mitigation of punishment). Therefore, Granger's IATC claim, even with its new mitigation evidence, has been exhausted because it was adjudicated on the merits. *See Escamilla v. Stephens*, 749 F.3d 380, 395 (5th Cir. 2014) (finding that new evidence presented to the federal court did not "'fundamentally alter'" petitioner's adjudicated IATC mitigation-investigation claim, but rather "merely provided additional evidentiary support for his claim that was already presented and adjudicated in the state court proceedings"); *cf. Cullen v. Pinholster*, 563 U.S. 170, 179 (2011) (federal court precluded from considering more mitigating evidence presented by federal habeas attorneys that was not presented to state court).[4]

---

[3] "SHCR" refers to the State Habeas Transcript compiled by the state court, preceded by volume number and followed by page reference.

[4] To the extent that Granger relies on *Martinez v. Ryan*, 566 U.S. 1 (2012), as justification for raising evidence that was not presented to the state court, *Escamilla* also rejected that, finding *Martinez* inapplicable to petitioner's attempt to add new evidence, and "*Pinholster* bars [petitioner] from presenting new evidence to the

In claim ten, Granger alleges IATC for failure to object to the prosecutor's punishment-phase closing argument. Petition at 107–09. He points to five specific instances to which he believes trial counsel should have objected. *Id*. at 107–08. However, on state habeas, Granger also raised an IATC claim that faulted counsel for failing to object to four instances during closing argument—one of which was re-raised in his federal petition, but the other three which were not. *See* SHCR Supp.2 at 88–93. Thus, Granger now in federal court points to four *additional* instances to which counsel should have objected that were not presented to the state court. And, with respect to the one instance that *was* raised in both state and federal court, Granger now makes a slightly different argument as to why it was improper. *Compare* SHCR Supp.2 at 91 (arguing that the State's comment that the jury had made up their minds signaled "its approval of the jurors' prejudgment of the punishment phase case"), *with* Petition at 107 (arguing that the same comment "affirmed for the jury the unconstitutional idea that automatically imposing the death penalty upon a finding of guilt is proper").[5]

But, because the IATC for failure to object during closing argument claim was adjudicated on the merits in state court, his tenth ground is exhausted, and his new

---

federal habeas court with regard to this already-adjudicated claim." 749 F.3d at 395 (citing *Clark v. Thaler*, 673 F.3d 410, 417 (5th Cir. 2012)).

[5]     This Granger cannot do. *See Robertson v. Davis*, 715 F. App'x 387, 392 n.4 (5th Cir. 2018) (unpublished) (declining to reach the merits of two new allegations of false testimony raised for the first time in federal habeas because the argument "was not properly raised before the state court"); *Lewis v. Thaler*, 701 F.3d 783, 789–91 (5th Cir. 2012) (explaining "that the exhaustion requirement of § 2254(b) is a reinforcement of, rather than an *escape hatch* from, the rule that a federal habeas court's review is limited to the state court record" (emphasis added)).

evidence and arguments are barred from consideration in this Court. *Cf. Robertson*, 715 F. App'x at 392 (new record-based assertions raised in federal court to show the state court's adjudication of a claim unreasonable were barred by *Pinholster*).

Finally, Granger alleges in his nineteenth claim that his Eighth and Fourteenth Amendment rights were violated by the trial court's jury instruction regarding the definition of mitigating evidence. Petition at 147–50. However, this claim was fully raised and rejected on state habeas. *See* SHCR Supp.2 at 119–24 (claim 10); *Ex parte Granger*, No. WR-83,135-01, 2017 WL 3379285, at *4 (Tex. Crim. App. May 17, 2017) (finding claim 10 to be procedurally barred because it should have been, but was not, raised on direct appeal). Thus, Granger's nineteenth ground for relief is also exhausted.

Consequently, Granger's request with respect to these three claims fails to even fit the *Rhines* framework. *See Evans v. Cain*, 577 F.3d 620, 623 (5th Cir. 2009) (denying stay under *Rhines* where no party argued petitioner's claim was unexhausted); *see also Rhines v. Young*, 899 F.3d 482, 495 (8th Cir. 2018) (affirming denial of a stay in part because the "new" IATC claims had already been presented in state court); *Carter v. Mitchell*, 829 F.3d 455, 467 (6th Cir. 2016) (petitioners cannot "use *Rhines* as an end-run around *Pinholster*"); *Davila v. Stephens*, No. 4:13-CV-506-O, 2014 WL 6057907, at *3 (N.D. Tex. Nov. 10, 2014) ("Davila may not use *Martinez* to leverage a stay and abeyance for a claim that has already been litigated in state court."); *cf. Escamilla*, 749 F.3d. at 394 ("We conclude that *Martinez* does not apply to claims that were fully adjudicated on the merits by the state habeas court because

those claims are, by definition, not procedurally defaulted."). Granger should not be granted a stay on these claims.

## II. Granger Does Not Show Good Cause for His Failure to Exhaust His Unexhausted Claims.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Granger argues that he can show good cause for failing to exhaust twelve out of the twenty claims he raised in his federal petition, *see* Motion at 1–2, because of ineffective assistance of state habeas counsel (IASHC) and because Granger may be incompetent. Motion at 5–8.

But the Fifth Circuit has held that IASHC does not suffice under *Rhines*. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (IASHC due to a conflict of interest did not constitute good cause for purposes of *Rhines*); *see also Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012) (explaining that "attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error" (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

This is especially the case for any non-IATC claims, as a good-cause argument based on IASHC would be predicated on a foreclosed interpretation of *Martinez. See, e.g.,* Motion at 2, 9–11. Indeed, the Supreme Court has explicitly held that *Martinez* does not excuse the default of any claims that do not allege IATC. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017); *see also Murphy v. Davis*, 732 F. App'x 249, 257 (5th Cir.

2018) (unpublished) ("We are also bound by our past pronouncements that *Martinez* and *Trevino*[6] apply 'only' to [IATC] claims. And the Supreme Court in *Davila* was unwilling to extend *Martinez* and *Trevino* beyond [IATC] claims, calling the exception 'narrow,' 'highly circumscribed,' and available only in 'limited circumstances.'"). Thus, Granger's misplaced reliance on *Martinez* in federal court plainly does not provide good cause for his failure to exhaust any non-IATC claims.

Moreover, even if IASHC *could* suffice as good cause, the record belies any assertion of ineffectiveness. In this regard, his state habeas counsel, the Office of Capital Writs (OCFW), performed an extensive investigation and—through the combined effort of two investigators and five attorneys, including the then-Director of OCFW—drafted a 115-page, 10-claim state habeas application with 25 exhibits. 1 SHCR at 3–115; 2 SHCR at 129; Pet. App. (App.) A0956–73 (declarations explaining that attorneys O'Dell, VerHagen, Kent, and Schepers worked on Granger's case); Petition at 25 (stating that Director Brad Levenson assisted). They also consulted with three experts and, among other evidence, obtained thirteen affidavits from Granger's family and friends as well as one from a juror who served in Granger's trial. App. A0958–60, A0966, A0972; 3 SHCR at 270–319. Granger cannot show that OCFW's extensive investigation was deficient.

Nor can he show that OCFW's decision not to raise the specific unexhausted claims was deficient, particularly when counsel is only constitutionally obligated to raise and brief those issues that are believed to have the best chance of success. *See*

---

[6]    *Trevino v. Thaler*, 138 S. Ct. 1911 (2013) (applying *Martinez*'s "narrow exception" to Texas's postconviction system).

*Jones v. Barnes*, 463 U.S. 745, 751–53 (1983). Granger attaches declarations from state habeas counsel, in which counsel make conclusory assertions that they "had no strategic reasons" for failing to raise a number of claims that they acknowledge either having done some preliminary investigation into or of which they were otherwise aware. *See, e.g.*, App. A0957 ("I reviewed Dr. Hamza's report and recognized that he did not conduct a complete neuropsychological battery of Mr. Granger . . . [.] . . . I had no strategic reason for not doing so."), A0958–59 ("We did not have Dr. Underhill or another neuropsychologist conduct a new, complete neuropsychological evaluation of Mr. Granger. We had no strategic reason for failing to do this."), A0960 ("We had no strategic reason for not investigating and presenting claims pertaining to trial counsel's handling of [inmate witnesses Jeffrey Sias and Jonathon Gonzalez] in light of the damaging testimony elicited from them.").

However, in each instance, state habeas counsel describes precisely the type of strategic decision that is "virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Indeed, each of Granger's state habeas counsel begin their declarations by explicitly acknowledging the limited time and resources they faced. *See* App. A0956 (attorney VerHagen describing how he handled a heavy caseload from the time he was appointed in 2014 until he filed Granger's application, including having only "a little over one month after [his] last filing in another case to work exclusively on Mr. Granger's case"), A0959–60 (stating that "[s]ince [they] were so pressed for time," they recruited attorney Schepers to look into the ballistics issue), A0961 (attorney Kent describing heavy caseload while working on Granger's

application), A0968 (investigator Solis describing how "heavy caseloads, limited funding, and the limited time [they] had to work up Mr. Granger's case impacted the end product"). Granger certainly cannot show that it was objectively unreasonable for his state habeas attorneys to use their limited time and resources to investigate and present the claims they ultimately chose to present. *See Harrington v. Richter*, 562 U.S. 86, 107 (2011) ("Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective [] tactics and strategies."). Thus, Granger cannot show that *Martinez* benefits him and, in turn, cannot establish good cause for his failure to exhaust these claims in the state courts.

Perhaps acknowledging that IASHC is not enough to establish good cause, Granger also alleges that he was incompetent during state habeas proceedings such that it would be "doubly unreasonable" to expect him to have addressed IASHC during the proceedings. Motion at 8. But Granger offers no evidence whatsoever that he was incompetent in either his motion or his petition. *See* Motion at 8 (conclusory statement that Granger "suffers from serious mental health deficiencies"). Moreover, the TCCA has held that neither the United States or Texas Constitutions nor Texas statutes require that a death row inmate be competent during state habeas proceedings. *Ex parte Mines*, 26 S.W.3d 910, 911–16 (Tex. Crim. App. 2000). And, in evaluating whether an alleged mental incompetency satisfies the "cause" requirement to overcome a procedural default, the Fifth Circuit has held that such a claim "fails . . . because it is not a cause external to the petitioner[.]" *Gonzales v.*

*Davis*, 924 F.3d 236, 244 (5th Cir. 2019) (cert. not yet filed). This reasoning should apply equally in this situation, where Granger attempts to rely on unproven incompetence to excuse his failure to exhaust his claims in state court. Granger therefore fails to establish good cause, and his motion should be denied.

### III. Granger's Unexhausted Claims are Plainly Meritless.

In addition to failing to show good cause, Granger also fails to show that his claims are not plainly meritless. First, his claims will undoubtedly be procedurally defaulted if presented in a subsequent state habeas application. *See* Tex. Code Crim. Proc. art. 11.071 § 5(a) (Section 5). Indeed, the Texas Court of Criminal Appeals (TCCA) does not recognize IASHC as an exception to its Section 5 bar. *See, e.g.*, *Balentine v. Stephens*, 2:03-CV-00039, 2016 WL 1322435, at *3 (N.D. Tex. Apr. 1, 2016) ("[T]he [TCCA] has consistently refused to allow [IASHC] to excuse the procedural bar of successive habeas applications, although often by a split decision."); *Ex parte Carpenter*, No. WR-49,656-05, 2014 WL 5421522 (Tex. Crim. App. Oct. 8, 2014) (dismissing as an abuse of the writ post-*Martinez*); *Ex parte McCarthy*, No. WR-50,360-04, 2013 WL 3283148, at *5 (Tex. Crim. App. June 24, 2013) (Cochran, J., concurring) ("Unlike the United States Supreme Court, we cannot create 'equitable' exceptions to our habeas statutes. We must follow current statutory law."). Thus, as the TCCA has not adopted the *Martinez* exception even for IATC claims, it certainly would not extend to any of the due process, fair trial, or death-penalty challenge claims—i.e. claims 1, 4, 10, 11, 12, 19, 20—that Granger raises. This is doubly true for any of the claims that have already been adjudicated in the state court. *See*

Argument I, *supra*; *see also Ex parte Hood*, WR-41,168-09, 2008 WL 4151671, at \*2 (Tex. Crim. App. Sept. 5, 2008) (dismissing habeas claim because it had been raised in a prior application). Therefore, the Texas subsequent writ bar would now preclude their consideration in state court, *see Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997), and as the state court would not consider the claims, they are plainly meritless. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding that, if a claim would be barred by Section 5, the claims are plainly meritless under the *Rhines* analysis).

Granger contends that, if he raises his claims in a subsequent state habeas application, the TCCA may still consider them regardless of Section 5, and therefore, this Court cannot be "absolutely certain" that the state courts will not hear the claims. Motion at 8–9. Citing to *Ex parte Ruiz*, No. WR-27,328-03, 2016 WL 6609721 (Tex. Crim. App. Nov. 9, 2016), as well as other concurrences and dissents, Granger argues that the TCCA "indicated their willingness to overturn" their decision in *Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002), in which—as acknowledged by Granger—the TCCA foreclosed the ability to raise IASHC as an exception to the Section 5 bar. Motion at 10–11 (citing *Ex parte Alvarez*, 468 S.W.3d 543 (Tex. Crim. App. 2015) (Yeary, J., concurring); *Ex parte McCarthy*, No. WR-50,360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013) (Alcala, J., dissenting); *Ex parte Medina*, No. WR-41,274-05, 2017 WL 690960 (Tex. Crim. App. Jan. 25, 2017) (Newell, J., concurring, jointed by Keller, P.J., Yeary & Walker, J.J.)).[7] But Granger's argument

---

[7]    Granger lists the judges who joined the majority in *Ruiz* in addition to the concurring and dissenting judges in the *Alvarez*, *McCarthy*, and *Medina*. Motion at 10–11. But Judges Meyers, Johnson, and Alcala are no longer on the court. And Judge Newell's assumption for the sake of argument in *Medina* that revisiting *Graves* was

is unpersuasive, as at no point has the TCCA overturned *Graves*. *See Ex parte Preyor*, 537 S.W.3d 1, 3 (Tex. Crim. App. 2017) (Newell, J., concurring) (declining to overrule *Graves* or to incorporate the *Martinez/Trevino* exception into Texas habeas procedure); *cf. Garcia v. Texas*, 131 S. Ct. 2866, 2867 (2011) (this Court's "task is to rule on what the law is, not what it might eventually be"). Thus, it is abundantly clear that Granger will be unable to overcome Section 5. *See Graves*, 70 S.W.3d at 113–18; *McCarthy*, 2013 WL 3283148, at *5.

It is especially unlikely given that initial state habeas counsel's own declarations repeatedly show that the arguments and evidence underlying many of the claims were, or could have been, available, and therefore, Granger cannot show diligence. *See* Section 5(a) (requiring subsequent applications to be dismissed unless the factual or legal basis of the claim was previously unavailable); *see also* Argument II, *supra*; *see, e.g.*, A0957 (attorney VerHagen stating that he recognized that a complete battery of tests was not conducted and that Granger had received abnormally low scores, which was indicative of impaired cognitive functioning and was consistent with their impressions of Granger, but they did not hire a neuropsychologist to conduct the full battery), A0958–59 (stating that their expert Dr. James Underhill concluded there were issues with the tests that Dr. Hamza utilized but they did not have him conduct a new, complete evaluation of Granger).

---

advisable does *not* amount to a willingness to revisit that case. 2017 WL 690960, at *9 ("Assuming that Medina's arguments concerning the advisability of revisiting *Ex parte Graves* in light of *Martinez* and *Trevino* are persuasive, Medina cannot show that they apply in this case.").

In any event, as explained above, Granger fails to show that state habeas

counsel was ineffective. *See* Argument II. Therefore, even if a *Martinez*-like exception

existed in the state court, Granger would not able to demonstrate it.[8] And that state

habeas counsel could not be ineffective in these circumstances is doubly underscored

by the plainly meritless nature of the underlying claims.[9] Indeed, in addition to being

meritless, the majority of his due process claims (claims 1, 4, 10, 11, 12, 19, 20) are

barred by nonretroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989). *See, e.g.*

*Beets v. Scott*, 65 F.3d 1258, 1266 (5th Cir. 1995) (en banc) ("Neither *Cuyler* [*v.*

*Sullivan*, 446 U.S. 335 (1980)] nor its progeny strayed beyond the ethical problems of

multiple representation" with respect to conflict-of-interest claims. "One cannot read

*Cuyler* to analyze conflicts of interest in a context broader than that of multiple client

---

[8]     Further, some of Granger's claims would fail for additional reasons specific to
that claim. For example, in claim two, Granger faults trial counsel for failing to raise
a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), at trial. Petition at 49.
Under Texas postconviction procedures, when a state habeas applicant raises an
IATC claim for failure to raise a timely *Batson* challenge, the applicant must
demonstrate *Strickland* prejudice to obtain relief. *See Batiste v. State*, 888 S.W.2d 9,
15 (Tex. Crim. App. 1994) ("[W]e hold that the likelihood that failure of counsel to
ensure that racial discrimination did not take place in jury selection will render trial
unfair is not so great as to justify exempting ineffective counsel claims for lack of a
*Batson* objection from *Strickland*'s 'prejudice' prong."). And to establish prejudice in
Texas, state habeas counsel was required to show that the seated jurors could not
have "render[ed] a fair and impartial verdict in the trial of a minority defendant." *Id.*
at 15. Granger presents no such evidence or argument in his federal petition. Thus,
Granger could not establish cause under *Martinez* or any *Martinez*-like exception
because he completely fails to suggest a viable legal basis upon which state habeas
counsel could have established *Strickland* prejudice under *Batiste*.

[9]     Due to the constraints of the page limitations for responses to motions, *see*
Local Rule CV-7(a)(2), the Director addresses only briefly the underlying merits of
the claims. The Director will provide a much more thorough and detailed analysis in
her forthcoming answer.

representation."). Similarly, his death-penalty challenge claims (claims 19[10] and 20) are foreclosed by Supreme Court and Fifth Circuit precedent. *See Penry v. Johnson*, 532 U.S. 782, 802–03 (2001) (specifically commending the new Texas statute as "[a] clearly drafted catchall instruction on mitigating evidence"); *Sprouse v. Stephens,* 748 F.3d 609, 622 (5th Cir. 2014) (soundly rejecting the argument that Texas's definition of mitigating evidence unconstitutionally limits the categories of evidence that may be considered mitigating); *Kansas v. Carr*, 136 S. Ct. 633, 642–44 (2016) (specifically rejecting contention that the Eighth Amendment requires the trial court to instruct the jury that mitigating circumstances "need not be proved beyond a reasonable doubt"). Finally, with respect to his numerous IATC claims (claims 2, 3, 4, 5, 6, 8, 10, 11, 12), Granger, at bottom, challenges nothing more than strategic decisions made by counsel with which, in hindsight, he simply disagrees. *Strickland*, 466 U.S. at 688–89 (there is a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance and every effort must be made to eliminate the "distorting effects of hindsight"). Given the plainly meritless nature of his claims, Granger is not entitled to a stay to return to state court to raise them.

## IV.    Granger's Request for a Stay is Dilatory.

"[I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 278. Granger filed his motion for stay almost three months after he filed his amended federal petition and almost nine months after his initial petition. *Compare* ECF No. 11

---

[10]    Again, however, claim 19 is an exhausted claim. *See* Argument I, *supra*.

(petition filed May 11, 2018), *with* ECF No. 20 (amended petition filed December 17, 2018), *and* ECF No. 22 (motion for stay filed February 13, 2019). But in his original petition, Granger expressly acknowledged that many of his claims were unexhausted and explicitly faulted state habeas counsel for failing to raise his allegedly substantial claims. *See, e.g.*, ECF No. 11 at 47, 51, 58–59. Granger made substantially the same arguments when he filed his amended petition seven months later. *See, e.g.*, ECF No. 20 at 48, 53, 62–63. Thus, Granger was unquestionably capable of filing his motion at the same time as his original petition or, at the very latest, when he filed his amended petition. *See Thompson v. Quarterman*, 629 F.Supp.2d 665, 693 (S.D. Tex. 2007) (denying stay filed several months after petition) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)); *see Williams v. Stephens*, No. H-13-0102, 2013 WL 6200204, at *7 (S.D. Tex. Nov. 26, 2013) (denying stay filed eight months after petition). Instead, he waited yet another three months before asking this Court to stay his federal proceedings so that he could return to state court.

Granger's delay in seeking a stay constitutes an abusive litigation tactic. It is no secret that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of a sentence of death." *Rhines*, 544 U.S. at 277–78. And granting his motion would only serve to frustrate AEDPA's goal to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *See id*. at 276 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)); *cf. Martel v. Clair*, 565 U.S. 648, 652 (2012) ("Protecting against abusive delay *is* an interest of justice."). Thus, his request should be denied.

## CONCLUSION

As explained above, Granger's stay request fails to satisfy the requirements of *Rhines*. The Director thus respectfully requests that his motion be denied.[11]

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

LISA TANNER
Acting Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*/s/ Gwendolyn S. Vindell*
GWENDOLYN S. VINDELL*
\*Lead Attorney                   Assistant Attorney General
State Bar No. 24088591

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

---

[11] If this Court grants a stay, it should require Granger to file his subsequent application in the TCCA within 30 days of the Court's order and return to federal court within 30 days of the TCCA's disposition. *See Rhines*, 544 U.S. at 278 (explaining that "district courts should place reasonable time limits on a petitioner's trip to state court and back").

**CERTIFICATE OF SERVICE**

I hereby certify that, August 30, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to lead counsel, who has consented in writing to accept this Notice as service of this document by electronic means:

Shawn Nolan
Federal Community Defender Office - ED/PA
Capital Habeas Unit, Curtis Center
Suite 545 West, 601 Walnut Street
Philadelphia, PA 19106
Phone: 214-928-0520
Email: shawn_nolan@fd.org

Peter James Walker
Federal Community Defender Office - ED/PA
Capital Habeas Unit, Curtis Center
Suite 545 West, 601 Walnut Street
Philadelphia, PA 19106
Phone: 215-928-0520
Email: peter_walker@fd.org

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL
Assistant Attorney General