# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW GRANGER, | § § | |
| Petitioner, | § § | No. 1:17-cv-00291-RC |
| v. | § § | THIS IS A CAPITAL CASE |
| LORIE DAVIS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## PETITIONER'S REPLY IN SUPPORT OF MOTION TO STAY AND ABATE

Eleven claims in Bartholomew Granger's habeas petition allege the ineffective assistance of both his trial counsel and his state habeas counsel. Each claim advances specific factual and legal grounds for relief, and each rests on specific documentary evidence, including the declarations of his state habeas counsel. Because avenues of relief in state court may exist for Mr. Granger's unexhausted claims, he seeks a stay and abeyance to allow him to present them to the state courts. The State has not yet filed its response to the habeas petition, but opposes the stay and abeyance. Because the State's opposition rests on unsound arguments, this Court should reject them and grant the stay.

## I. *Rhines v. Weber* Applies to Mr. Granger's New Federal Claims, Which Have Never Received a Merits Adjudication in State Court.

### A. Claim VI

Mr. Granger argues in Claim VI that trial counsel were ineffective for failure to investigate, prepare, and present powerful mental health evidence. Specifically, he alleges that counsel were ineffective for ignoring both behavioral red flags and test results demonstrating that he suffers from organic brain damage, for not consulting with the expert who conducted the testing, for not sharing the test results with the psychiatrist they called to the stand, and for not preparing the psychiatrist to testify at all. To demonstrate the prejudice that resulted from counsel's deficient performance, Mr. Granger presents declarations from four mental health experts, all of whom reached diagnostic conclusions following in-person evaluations. These declarations demonstrate that counsel could have shown, through the psychiatrist they themselves chose to present and/or other experts, that Mr. Granger is a brain-damaged, mentally ill trauma survivor who became psychotic as a young man. Instead, they presented the unprepared psychiatrist, who offered only an opinion that Mr. Granger is a future danger. Habeas Petition, ECF No. 20, at 63–70.

Relying on *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), Mr. Granger maintains that state habeas counsel's ineffectiveness in failing to raise this claim excuses any default, and he asks this Court to stay the federal habeas proceedings and hold them in abeyance to allow him to present the claim in the state courts. ECF No. 20 at 69–70; Petitioner's Motion to Stay, ECF No. 22, at 1 (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

The State opposes a stay and abeyance. In the State's view, *Rhines* does not apply because Mr. Granger has already exhausted the claim by arguing in the state habeas court that trial counsel were ineffective for "failure to present lay and expert witnesses in mitigation of punishment." It views the allegations supporting Mr. Granger's federal habeas claim as new "facts" supporting

claims already decided on their merits in state court. A federal habeas court, the State maintains, may not base its ruling on new "facts" never presented to the state court that decided the merits of the claim. Respondent's Response in Opposition to Stay, ECF No. 32, at 2 & n.4 (citing *Cullen v. Pinholster*, 563 U.S. 170, 179 (2011)).

The State's argument blurs the line between new facts and new claims, which the Supreme Court established in *Vasquez v. Hillery*, 474 U.S. 254, 257–58 (1986). In *Hillery*, the petitioner proffered statistics in federal habeas review that he had not proffered in state court in support of his grand jury composition claim. The warden argued that the new evidence "altered" the claim and required exhaustion in state court before the federal court could consider it. *Id*. at 257. The Court rejected the argument, stressing the policy reasons for requiring habeas petitioners to exhaust state remedies. Exhaustion gives state courts a "meaningful opportunity to consider" claims by "fairly presenting" them before federal courts will intervene. *Id*. at 257–58. The district court's expansion of the record to include the new statistical evidence did not "undermin[e] the policies of the exhaustion requirement" because the additional evidence did not "fundamentally alter the legal claim already considered by the state courts." *Id*. at 258–60.

Lower courts applying *Hillery* have asked whether the federal claim places the case "in a significantly stronger evidentiary posture" than it had in state court, *see Barrientes v. Johnson,* 221 F.3d 741, 761–62 (5th Cir. 2000) (citing *Brown v. Estelle*, 701 F.2d 494, 495–96 (5th Cir. 1983)), or whether, on the other hand, the federal claim rests on the "same factual grounds and legal theories" as those presented in state court, *see Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995), or the petitioner has "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim," *see Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004).

3

The Fifth Circuit's pre-*Martinez* practice insisted on substantial factual and legal identity between the state and federal habeas petitions to establish a claim's exhaustion. *See, e.g.*, *Kunkle v. Dretke*, 352 F.3d 980, 986–88 (5th Cir. 2003) (conclusory affidavit from trial counsel in state court indicating there was abundant mitigating evidence did not exhaust remedies for federal habeas claim that counsel was ineffective for not uncovering and presenting evidence of parental mental illness and abuse, or report of treating expert). In a case that closely resembles Mr. Granger's, *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008), the state habeas petition argued that counsel was ineffective because "a biopsychosocial evaluation should have been utilized to facilitate the testimony of a mitigation expert during the penalty phase." In his federal habeas petition, however, Smith argued that counsel should have sought prison records demonstrating good conduct and interviewed his relatives for possible penalty phase testimony. *Id*. at 401–02. Noting that "the two petitions assert similar arguments only to the extent that both raise an issue of ineffective assistance of counsel," the court ruled that Smith had "changed the focus of his federal claim to substantive areas not previously raised in the state courts," and that the federal claim was unexhausted. *Id*. at 402.

After *Martinez*, in *Escamilla v. Stephens*, 749 F.3d 380, 394–95 (5th Cir. 2014), the court changed course. It denied an application for a certificate of appealability, ruling that, because the state court had decided a general ineffective assistance of trial counsel claim based on trial counsel's failure to "investigate and present mitigating evidence," the federal habeas court could not consider a proffer of mere "additional evidentiary support." *Id*. at 395.

> [O]nce a claim is considered and denied on the merits by the state habeas court, *Martinez* is inapplicable, and may not function as an exception to *Pinholster*'s rule that bars a federal habeas court from considering evidence not presented to the state habeas court.

*Id.* (citations omitted); *see also Ward v. Stephens*, 777 F.3d 250, 257 (5th Cir. 2015) (petitioner may not use *Martinez* to "bootstrap factual development in federal court"), *abrogated on other grounds by Ayestas v. Davis*, 138 S. Ct. 1080 (2018); *Runnels v. Davis*, 746 F. App'x 308, 316 n.2 (5th Cir. 2018) (unpublished) (rejecting *Martinez* argument because claim was nothing more than "fleshed-out version[]" of old claim).

Mr. Granger's state habeas petition included two claims that did not rely on the "same factual grounds and legal theories," *see Forest*, 52 F.3d at 719, or the same "operative facts and the controlling legal principles," *see Longworth*, 377 F.3d at 448, but simply advanced arguments that were legally and factually distinct from Claim VI. Claim I in the initial state habeas application challenged trial counsel's failure to develop a social history, relying on an extended life history discussion. Claim II in that application challenged counsel's failure to present an expert to "explain the impact of Granger's social history." To establish prejudice, state habeas counsel relied on an expert in racial and ethnic identity development who never spoke to Mr. Granger, and did not diagnose any form of mental illness, but speculated about the impacts of witnessing domestic violence, experiencing "racial socialization," enduring the murder of an older sister, and becoming the object of sexual assault allegations. *See* Excerpt, Initial Application for Writ of Habeas Corpus, *Ex Parte Bartholomew Granger*, Trial Cause No. 13-16388 (58th District Court, Jefferson County, Texas, Filed Oct. 28, 2014) (attached as Ex. 1). Neither claim had anything to do with counsel's deficient investigation of evidence that Mr. Granger suffered brain damage and psychosis. By the same token, the federal claim did nothing to put the two state habeas claims "in a significantly stronger evidentiary posture" than they had held in state court. *See Barrientes*, 221 F.3d at 761–62. It simply raised a different claim.

*Escamilla* and its progeny have misapplied the *Hillery* "fundamentally alter" test—and departed from earlier circuit precedent—in holding that a detailed and specific federal claim did

5

not "fundamentally alter" a general claim presented in state court. But even if *Escamilla* correctly applied *Hillery*, Mr. Granger's case is different. In *Escamilla*, the state court claim was broad and general, and arguably subsumed the specific details that fleshed out the claim in federal court. Here, the state and federal claims were equally specific but factually and legally distinct. As in *Smith*, "the two petitions assert similar arguments only to the extent that both raise an issue of ineffective assistance of counsel." 515 F.3d at 402.

Mr. Granger's trial attorneys were highly ineffective for never discussing the test results with their psychologist and for presenting an unprepared psychiatrist who had no idea what the tests showed. Effective attorneys could have presented a compelling case of brain damage, trauma, and psychosis. The state habeas court had no fair opportunity to rule on this claim because state habeas counsel never presented it. *See Hillery*, 474 U.S. at 257. Claim VI is accordingly unexhausted, so long as a potential avenue of state court relief may remain. As discussed below, such an avenue may be available.

### B.  Claim X

The State mischaracterizes the nature of Claim X: Mr. Granger does not present new facts in support of an exhausted claim; rather, the new instances of ineffectiveness of trial counsel with respect to prosecutorial misconduct he has identified are new claims in and of themselves. Each of counsel's failures gives rise to a separate claim of ineffectiveness, and those instances that the state court has not adjudicated are not exhausted. Mr. Granger does not merely supply additional argument in support of old claims that have already been exhausted. Moreover, prejudice is assessed *cumulatively*, and so each instance of deficiency must be considered for an accurate assessment of cumulative prejudice of counsel's performance, and each instance of prosecutorial misconduct must be considered in assessing, cumulatively, whether Mr. Granger has been denied due process. *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995) (cumulative prejudice from state's

failure to reveal multiple pieces of exculpatory evidence undermined fairness of trial and entitled defendant to relief); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (prejudice assessed from combined effect of "counsel's unprofessional errors"). Because in Claim X Mr. Granger presents new instances—new claims—of ineffectiveness, and does not merely present new evidence or argument, Claim X is unexhausted.

    C.    **Claim XIX**

The State also mischaracterizes Claim XIX: Mr. Granger does not merely assert that the trial court's jury instruction violated his constitutional rights; he also asserts that state habeas counsel were ineffective for failing to raise prior counsel's ineffectiveness for failure to challenge the instruction and for failing to argue the inadequacy of the procedural bar in support of this meritorious ineffective-assistance claim. The claim that prior counsel were ineffective is therefore new; Claim XIX is thus unexhausted.

**II.**    **Mr. Granger Has Demonstrated Good Cause Under *Rhines*.**

Mr. Granger argues, supported by citations to multiple decisions of courts in this circuit and elsewhere, that the ineffective assistance of his state habeas counsel establishes good cause for a stay. ECF No. 22 at 6–7. The State responds with a broad assertion that "the Fifth Circuit has held that IASHC does not suffice under *Rhines*" to establish good cause. ECF No. 32 at 5. In support of this assertion, the State cites *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010), and *Hall v. Thaler* 504 F. App'x 269, 284 (5th Cir. 2012). However, both *Williams* and *Hall* were decided before the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Following *Trevino*, the Fifth Circuit acknowledged *Rhines* stays as appropriate mechanisms for habeas petitioners to return to state court to exhaust unexhausted claims on account of allegations of state habeas counsel's ineffectiveness. *See Trevino v. Stephens*, 740 F.3d 378, 378 (5th Cir. 2014); *see*

7

*also Neathery v. Stephens*, 746 F.3d 227, 229 (5th Cir. 2014); *Rayford v. Stephens*, 552 F. App'x 367, 367 (5th Cir. 2014).

Indeed, since *Trevino*, and even before it, numerous federal district courts have deemed state habeas counsel's deficient performance good cause under *Rhines*. *See, e.g.*, *Wardrip v. Stephens*, No. 7:01-cv-00247, 2014 U.S. Dist. LEXIS 55471, at *1, *7 (N.D. Tex. Apr. 22, 2014) (granting stay after *Trevino* for CCA to have the first opportunity to consider whether state habeas counsel was ineffective and whether that ineffectiveness justified review of unexhausted claim); *Sparks v. Stephens*, No. 3:12-CV-469-N, 2014 WL 113583, at *3 (N.D. Texas Jan. 13, 2014) (same); *Garza v. Thaler*, No. 09-cv-00528, ECF No. 17 (W.D. Tex. Feb. 18, 2010) (good cause where petitioner had "complain[ed] that he was unable to fully exhaust available state habeas remedies on his currently unexhausted federal habeas claims, i.e., petitioner's new ineffective assistance claims, due to the gross incompetence of his original state habeas counsel"); *see also Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) (finding good cause where state postconviction counsel performed deficiently); *Rhines v. Weber*, 408 F. Supp. 2d 844, 847–49 (D.S.D. 2005) (same, on remand from the Supreme Court).

Next, the State argues that any good cause arguments based on ineffective assistance of state habeas counsel are limited to claims of ineffective assistance of trial counsel, as *Martinez* is limited to such claims. ECF No. 32 at 5. However, no such limitation exists with respect to which claims may be exhausted under *Rhines*. Here, the State has incorrectly conflated the "good cause" standard under *Rhines* with the standard of cause to excuse a procedural default under *Martinez*. As Petitioner has already stated in the initial motion, "the standard for "good cause" under *Rhines* is a lower standard than is required to show cause to excuse procedural default." *See* ECF No. 22 at 5; *Ruiz v. Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007). Although a petitioner may allege deficient performance of state habeas counsel as cause under *Rhines*, "good cause" is not limited

to this basis. Rather, any "reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," can suffice. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014); *see also Newman v. Norris*, 597 F. Supp. 2d 890, 896 (W.D. Ark 2009) (finding petitioner's mental deficiencies constituted good cause under *Rhines* for failure to exhaust).

The State also attacks the *Martinez* argument on its merits, defending state habeas counsels' conduct of the case without tying its assertions to any specific claims in Mr. Granger's petition. ECF No. 32 at 11–13. Mr. Granger has presented thirteen claims of ineffective assistance of trial counsel. State habeas counsel presented two of them (Claims VII and IX), and Mr. Granger does not allege their ineffectiveness on those claims. The State's defense of their conduct in connection with those claims is irrelevant. As to the other eleven claims, whether state habeas counsels' failure to litigate them was deficient and prejudicial is a factually and legally specific determination. A petitioner, to show good cause for a *Rhines* stay, does not need to establish a *Martinez* excuse conclusively. District courts should grant stays and allow state courts to rule initially if petitioners present a "reasonable excuse external to their efforts . . . that cannot be rationally placed onto them." *See Lopez v. Stephens*, No. CV B-15-144, 2016 WL 4126014, at *4 (S.D. Tex. Apr. 25, 2016); *Wardrip*, 2014 U.S. Dist. LEXIS 55471, at *7. Mr. Granger has done that in each of the claims in his petition, supported by the declarations of his state habeas counsel.

The State argues that state habeas counsels' statements "describe precisely the type of strategic decision that is 'virtually unchallengeable.'" According to the State, counsels' descriptions of their "limited resources" provide strategic justification for their deficient performance. ECF No. 32 at 6–8 (citing *Strickland*, 466 U.S. at 690, and *Harrington v. Richter*, 562 U.S. 86, 107 (2011)). Because the record makes clear that state habeas counsel had no strategic reason for failing to develop and raise these claims, this Court should reject the State's speculative post hoc rationalizations for counsel's deficiencies. A court is not at liberty to invent strategic bases

9

for counsel's failures where the record makes clear that no such reason existed at the time. *See Wiggins v. Smith* 539 U.S. 510, 539 (2003); *see also Kimmelman v. Morrison*, 477 U.S. 365, 386–87 (1986) (under *Strickland*, courts cannot use hindsight to supply a strategy for counsel). However, this post hoc rationalization of state habeas counsel's failure is contradicted by state habeas counsel's own admissions.

Furthermore, nothing in *Strickland* or *Richter* authorizes the states to provide capital defendants with deficient counsel who are too overburdened to do a constitutionally adequate job. Counsels' insufficient resources and time, as factors "external" to Mr. Granger himself, would certainly qualify as "good cause" for his failure to raise the claims in his first habeas petition.

Finally, the State misconstrues Mr. Granger's arguments regarding the significance of his mental illness in the failure to exhaust in state court. Contrary to the State's assertion, Mr. Granger has not alleged that he was incompetent during state habeas proceedings, therefore satisfying good cause. Rather, Mr. Granger's reliance on state habeas counsel to skillfully and diligently identify and develop claims for relief was further heightened by Mr. Granger's inability to do so for himself, in light of his mental illness. As argued in the original motion, "[i]t would be doubly unreasonable to impose such expectations on a Petitioner like Mr. Granger who suffers from serious mental health deficiencies," ECF No. 22 at 8, which include brain damage and Schizoaffective Disorder and are set forth in detail in Mr. Granger's Amended Petition, ECF No. 20 at 67–75.

Mr. Granger's detailed allegations and evidence satisfy the *Rhines* "good cause" requirement, and the Court should reject the State's arguments to the contrary.

## III. A Return to State Court Would Not Be Plainly Meritless.

The State asserts that Mr. Granger should not be entitled to a stay because his claims are plainly meritless and "will undoubtedly be procedurally defaulted if presented in a subsequent state habeas application." ECF No. 32 at 9. The State reasons that the Texas Court of Criminal

10

Appeals has not recognized ineffective assistance of state habeas counsel as an exception to its Section 5 bar on filing subsequent writs, nor has it overruled *Ex parte Graves*, which the State asserts forecloses raising such an exception. ECF No. 32 at 9–10.

In arguing this, the State ignores circuit law that defines "plainly meritless" as the "indisputable lack of an available state court remedy." *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). As Mr. Granger set forth in detail in his initial motion, members of the Court of Criminal Appeals have indicated a desire to revisit *Graves* and the issue of ineffective assistance of state habeas counsel as an exception to Sections 5's bar; thus, it is far from "indisputable" or "entirely clear" the state court would decline to reach the merits of Mr. Granger's claims for relief. ECF No. 22 at 10–12. Under these circumstances, this Court should allow the state court the opportunity to decide for itself, rather than speculate about what the state court may do. *See Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001) (in the first instance, state court "should be allowed to make the procedural, *vel non*, determination").

The State argues that many of Mr. Granger's claims of state habeas counsel ineffectiveness, and the claims that underlie those ineffectiveness claims, lack substantive merit. ECF No. 32 at 12–13. In arguing this, the State ignores that the *Rhines* "plainly meritless" standard does not require substantive review of the unexhausted claims. *See Murphy v. Thaler*, No. 3:10-CV-163, 2010 WL 2381500, at *3 (N.D. Tex. June 8, 2010) (claims not plainly meritless because "[t]he allegations, if true, could form the basis for habeas corpus relief"). Moreover, most of Mr. Granger's claims require further evidentiary development and factual determinations to be made before their merits can be determined. This is the purpose of a stay, to allow the state court to make such determinations in the first instance.

The State further asserts that "the majority of Petitioner's due process claims are barred by nonretroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989)." ECF No. 32 at 12. This is

incorrect. The question for *Teague* analysis is whether the rule that Mr. Granger advocates in support of his claims was "dictated by precedent existing at the time the defendant's conviction became final." *Id.* at 301. First, the State ignores that all of Mr. Granger's due process claims, including his conflict of interest claim, are also ineffective-assistance-of-counsel claims governed by *Strickland v Washington*, 466 U.S. 688 (1984). *See, e.g.*, ECF No. 11 at 25 ("The Sixth Amendment guarantee of effective assistance of counsel includes the right to counsel's undivided loyalty. *Wood v. Georgia*, 450 U.S. 261, 271-72 (1981)."). Moreover, contrary to the State's assertion, Mr. Granger's underlying due process claims do not depend on newly announced legal rules subject to *Teague*; rather they depend on clearly established federal law in existence when his state court conviction became final. *See, e.g.*, ECF No. 11 at 54–55, 101, 123 (citing *Ake v. Oklahoma*, 470 U.S. 68 (1985); *Gregg v. Georgia*, 428 U.S. 153 (1976); and *United States v. Agurs*, 427 U.S. 97 (1976)).

The State's arguments are unavailing. Applying the appropriate *Rhines* "plainly meritless" standard, this Court should grant Mr. Granger a stay.

### IV. Mr. Granger Has Not Filed His Motion for Purposes of Delay.

The State argues that Mr. Granger's motion is for the purposes of delay because it was filed three months after his amended petition, and constitutes "an abusive litigation tactic." ECF No. 32 at 13–14.

However, the actual practice of habeas courts demonstrates that there is nothing out of the ordinary in Petitioner's litigation tactics, let alone anything abusive. Courts have granted *Rhines* stays even where the court received the stay motion well over a year after the filing of an initial petition.[1] Moreover, the State's accusation that Mr. Granger has used "abusive litigation tactics"

---

[1] *See, e.g., Speer v. Director, TDCJ-CID*, 6:08-cv-00180-LED (E.D. Tex. May 13, 2008) (granting stay motion filed 1028 days after filing petition); *Gonzales v. Thaler*, 7:12-cv-00126-

12

to create delay seems particularly misplaced in light of the numerous extensions, totaling more than six months, that the State itself received to prepare its response to the instant motion.

Ironically, the State's interpretation of delay would exclude even Mr. Rhines from the benefit of *Rhines*. After all, in *Rhines*, the Court noted that Mr. Rhines had waited more than eighteen months from the date of filing his amended petition and over two years from the date of his original petition before moving for a stay, yet no court impugned Mr. Rhines's motive. *See Rhines*, 544 U.S. at 272–73; *see also Rhines v. Weber*, 408 F. Supp. 2d 844, 853 (D.S.D. 2005) (finding that Rhines has not engaged in intentionally dilatory litigation tactics).

---

DAE, (W.D. Tex. July 31, 2014) (granting stay motion filed 539 days after petition filed, 227 days after amended petition filed); *Busby v. Thaler*, 4:09-cv-00160-O, (N.D. Tex. Aug. 17, 2012) (granting stay motion filed 445 days after petition filed, 357 days after amended petition filed); *Shuffield v. Director, TDCJ-CID*, 6:08-cv-00180-LED, (E.D. Tex. Aug. 26, 2010) (granting stay motion filed 468 days after petition filed); *McGowen v. Thaler*, 4:06-cv-03182 (S.D. Tex. May 12, 2008) (Harmon, J.) (granting stay motion filed 543 days after original petition filed, 181 days after last supplement); *Tamayo v. Stephens*, 4:03-cv-03809 (S.D. Tex. June 20, 2005) (Hittner, J.) (granting stay motion filed 554 days after petition filed, 228 days after state filed its answer).

## CONCLUSION

For the reasons above and in all other pleadings filed in this matter, Mr. Granger's motion to stay and hold proceedings in abeyance should be granted.

Respectfully submitted,

/s/ Peter Walker
PETER WALKER
Asst. Federal Defender
Federal Community Defender Office for the
Eastern District of Pennsylvania
The Curtis —Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
Peter_Walker@fd.org
TX Bar #24075445
PA State Bar #315693

Dated: September 13, 2019

# CERTIFICATE OF SERVICE

I, Peter Walker, hereby certify that on this 13th day of September 2019, I served the foregoing on the following person via the Electronic Case Filing System:

>Gwendolyn S. Vindell
>Assistant Attorney General
>Office of the Attorney General
>Criminal Appeals Division
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548

/s/ Peter Walker
Peter Walker

Dated: September 13, 2019