**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

---

| | | |
|---|---|---|
| BARTHOLOMEW GRANGER, | § | |
| | § | |
| Petitioner | § | No. 1:17-cv-00291-RC |
| | § | |
| v. | § | THIS IS A CAPITAL CASE |
| | § | |
| BOBBY LUMPKIN, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent | § | |

---

**PETITIONER'S MOTION FOR LEAVE TO FILE OVER-
LENGTH REPLY IN SUPPORT OF SECOND AMENDED
PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner, Bartholomew Granger, through undersigned counsel, respectfully moves for leave to file a

Reply in Support of his Second Amended Petition for Writ of Habeas Corpus in excess of the page

limit established by the Local Rules of the Eastern District of Texas, Rule CV-3(b). In support thereof,

Mr. Granger states the following:

On August 26, 2020, with leave granted by this Court to do so, Mr. Granger filed a Second

Amended Petition for Writ of Habeas Corpus 165 pages in length. ECF No. 43. On December 2,

2020, Respondent filed an Answer 240 pages in length. ECF No. 53.

Petitioner now seeks leave from this Court to file a Reply in Support of his Second Amended

Petition for Writ of Habeas Corpus one hundred three (103) pages in length, less than half the length

of the Respondent's Answer, which is the primary reason for the length of Petitioner's Reply.

Undersigned counsel has made best efforts to be concise and to limit the Reply to only essen-

tial issues. An enlargement of the page limit is now necessary, however, in order to provide an adequate

reply to the arguments raised in the Respondent's Answer. There are several reasons that justify the

Reply's length: the complexity of federal habeas corpus law, especially concerning procedural defenses; the numerous arguments and authorities raised by Respondent; and the length of the Answer in relation to the length of the Second Amended Petition.

Habeas Rule 5 states that Respondent's Answer is the first opportunity for the State to assert procedural defenses, including failure to exhaust state remedies, procedural bar, non-retroactivity, and statute of limitations. Petitioner's Reply, in turn, is the first opportunity to address those defenses and navigate through "AEDPA's 'thicket of procedural brambles.'" *In re Commw. Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 480 (3d Cir. 2015) (McKee, C.J., concurring) (citation omitted).

Petitioner has attempted to conserve space by addressing the Respondent's recurring procedural objections in an introduction. However, Respondent raises numerous claim-specific procedural defenses that Petitioner could not address collectively but was compelled to discuss in the individual claims. Respondent also advances numerous detailed factual and legal arguments on the merits of each claim. Respondent cites over 300 cases in the course of the Answer, requiring intensive legal analysis in Petitioner's Reply. Petitioner has not used the Reply to include new allegations of fact or grounds for relief. Finally, the Reply is proportional to the respective lengthy pleadings[1] and, as mentioned above, less than half the length of the answer.

For these reasons Petitioner's request for leave to file a Reply in Support of his Second Amended Petition for Writ of Habeas Corpus no longer than one hundred three (103) pages is reasonable.

---

[1] The rules call for the initial pleading to be 100 pages, the answer to be 100 pages, and the response to be thirty pages. Thus, the petitioner is entitled to a thirty-percent page-length premium over a respondent (130 pages versus 100 pages). Here, Respondent's answer is 240 pages, so under the rules, Petitioner should proportionally have 312 pages to work with (thirty percent of 240 is seventy-two; seventy-two plus 240 is 312). Petitioner's initial pleading was 165 pages, 147 less than the 312 pages the rules proportionally contemplate in total. In seeking only one hundred three pages, Petitioner is making a modest request whereby Respondent would be enjoying a forty-plus-page-length premium.

Undersigned counsel has discussed this request with counsel for Respondent, who have indicated they are not opposed to an expansion of twenty (20) additional pages beyond Local Rule CV-3(b), for a total length of fifty (50) pages, but are opposed to any expansion beyond that.

WHEREFORE, Mr. Granger respectfully requests that this Court grant him permission to file an over-length Reply in Support of his Second Amended Petition for Writ of Habeas Corpus no longer than one hundred three (103) pages in length.

Respectfully submitted,

/s/ Peter Walker
PETER WALKER
Asst. Federal Defender
Federal Community Defender for the
Eastern District of Pennsylvania
Curtis Center – Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
Peter_Walker@fd.org
TX Bar #24075445
PA State Bar #315693

Dated: April 5, 2021

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Respondent, Assistant Attorney General Gwendolyn S. Vindell, who indicated she does not oppose an expansion of an additional twenty pages, for a total length of fifty pages, but opposes any further extension.


/s/ Peter Walker
Peter Walker



Dated: April 5, 2021


## CERTIFICATE OF SERVICE

I, Peter Walker, hereby certify that on this 5th day of April 2021, I served the foregoing on the following person via the Electronic Case Filing System:

Gwendolyn S. Vindell
Assistant Attorney General
Office of the Attorney General
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548



/s/ Peter Walker
Peter Walker


Dated: April 5, 2021