IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW GRANGER, | § | |
| v. | § | CIVIL ACTION NO. 1:17cv291 |
| DIRECTOR, TDCJ-CID, | § | |

O R D E R

Before the Court is Petitioner's opposed motion for leave to file an over-length reply in support of the second amended petition for writ of habeas corpus. (Dkt. #58). The Director has filed a response in opposition. (Dkt. #60). Petitioner filed a reply. (Dkt. #61).

Petitioner moves for leave to file an over-length reply that is 103 pages in length. Local Rule CV-3 states that replies and sur-replies shall not exceed thirty pages in length. Petitioner's proposed reply is 73 pages beyond the stated page limits contained in Local Rule CV-3. Petitioner asserts that he needs 103 pages in order to reply to the Director's response. The Court notes that Rule CV-3 does not reference proportionality as a basis for requesting excess pages.[1]

Petitioner argues that his reply is "the first opportunity [he has] to address those defenses and navigate through" the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). (Dkt. #58, p. 2). His argument is essentially that he doesn't have to

---

[1] Petitioner complains that his second amended petition is not as long as the Director's response brief; and thus, the page disparity is unfair to Petitioner. (Dkt. #45). Petitioner requested leave to file a second amended petition 65 pages over the 100-page limit contained in Local Rule CV-3. (Dkt. #43). Petitioner's motion was granted. (Dkt. #45). The Director filed a motion for leave for excess pages over the 100-page limit contained in Local Rule CV-3. (Dkt. #52). Petitioner did not file a response in opposition to Director's motion. As the Director's motion was unopposed, the motion was granted. (Dkt. #55). *See* Local Rule CV-7(d). The Court fails to perceive Petitioner's complaint as Petitioner was granted the relief that he requested.

address procedural default or exhaustion in his petition because he cannot be expected to know or anticipate what procedural defenses the Director will assert. (*See* Dkt. #59, p. 6).

This case was stayed at Petitioner's request (Dkt. # 34) so that Petitioner could return to state court to exhaust at least twelve unexhausted claims. Considering that the Texas Court of Criminal Appeals dismissed Petitioner's state application as an abuse of the writ (Dkt. #38) before he filed his Second Amended Petition (Dkt. #44), Petitioner cannot reasonably say that he did not know that procedural default or exhaustion would be an issue in the briefing. There is also the potential danger of new arguments or evidence being raised in a reply brief that could be deemed waived because of the failure to present them in an opening brief. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues raised in a § 2255 reply brief after the government filed its response).

Petitioner must show that his petition is meritorious, including showing that his exhausted claims were unreasonably adjudicated in state court, or that cause and prejudice exists to overcome the default of unexhausted claims. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("The petitioner carries the burden of proof with respect to claims under § 2254(d)); *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) ("[A] state procedural default of any federal claim will bar federal habeas *unless the petitioner demonstrates* cause and actual prejudice." (emphasis added)); *see also Kunkle v. Dretke*, 352 F.3d 980, 990 (5th Cir. 2003) ("[T]he petitioner has the primary responsibility to exhaust his claims.").

Petitioner's request for additional pages beyond the 30-pages permitted by Local Rule CV-3 for a reply is reasonable; however, 103-pages is excessive. It is accordingly

**ORDERED** that Petitioner's opposed motion for leave to file an over-length reply (Dkt #58) is **GRANTED in part** and **DENIED in part**. It is

**ORDERED** that Petitioner is **GRANTED** leave to file a reply that does not exceed 60-pages in length, excluding attachments, table of contents, table of authorities, and certificates of service and conference. It is further

**ORDERED** that Petitioner's proposed reply (Dkt. #59) in support of his Second Amended Petition is **STRICKEN** from the record. It is finally

**ORDERED** that Petitioner shall have 45-days from the date of this Order to file his reply in support of his Second Amended Petition.

**SIGNED this the 13th day of April, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE